# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CAMILLE FEHRING,<br><br>   Plaintiffs,<br><br> v.<br><br>SHOREWOOD SCHOOL DISTRICT and<br>ABC INSURANCE COMPANY,<br><br>   Defendant. | Case No.:<br><br><br>Jury Trial Demanded |

## COMPLAINT

NOW COMES Plaintiff Camille Fehring, by her attorneys, Cade Law Group, LLC, and as for her Complaint against Defendant Shorewood School District and ABC Insurance Company (collectively "Defendant", unless otherwise noted) alleges and shows to the Court as follows:

### INTRODUCTION

1. This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) (1) and (3), as amended by Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of race undertaken by Defendant, and to provide appropriate relief to Plaintiff Camille Fehring on this basis.

2. Title VII, as amended, also bars retaliation against employees who seek to correct unlawful employment practices on the basis of race. This action seeks to provide appropriate relief to Plaintiff Camille Fehring on this basis.

3. As alleged with greater particularity below, Defendant Shorewood School District engaged in unlawful employment discrimination against Plaintiff Camille Fehring on the basis of her race, and/or retaliated against her under Title VII.

4. This is also an action under the American with Disabilities Act, 42 U.S.C. §12101, as amended by the American with Disabilities Act Amendments Act of 2008 (the "ADA") to correct unlawful employment practices on the basis of an actual and/or perceived disability undertaken by Defendant, and to provide appropriate relief to Plaintiff Camille Fehring on this basis.

5. The ADA, as amended, also bars retaliation against employees who seek to correct unlawful employment practices on the basis of an actual and/or perceived disability. This action seeks to provide appropriate relief to Plaintiff Camille Fehring on this basis.

6. As alleged with greater particularity below, Defendant Shorewood School District engaged in unlawful employment discrimination against Plaintiff Camille Fehring on the basis of her actual and/or perceived disability, and/or retaliated against her under the ADA.

**JURISDICTION**

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f) (1) and (3); Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and Title I of the American with Disabilities Act, 42 U.S.C. §12101.

8. Plaintiff Camille Fehring has complied with all jurisdictional prerequisites and conditions precedent to action under Title VII of the Civil Rights Act of 1964 and the American with Disabilities Act, by timely filing a charge of discrimination with the Equal Employment Opportunity Commission on May 27, 2020. *See* **Exhibit A**.

9. Plaintiff Camille Fehring received a notice of right to sue from the United States Department of Justice on December 10, 2020. *See* **Exhibit B.**

10. This Court has supplemental jurisdiction over any other claims Plaintiffs could make, pursuant to 28 U.S.C. §1367, because they would form part of the same case or controversy as the aforementioned claims.

11. Venue in this judicial district is proper, by virtue of 28 U.S.C. §1391, as Plaintiff Camille Fehring worked for Defendant Shorewood School District in Shorewood, Wisconsin, which is in the Eastern District of Wisconsin, and all claims arose in this District.

**PARTIES**

12. Plaintiff Camille Fehring is an adult female citizen of the State of Wisconsin and resides in Milwaukee County, Wisconsin, which is in the Eastern District of Wisconsin. Plaintiff Camille Fehring is a former employee of Defendant Shorewood School District who worked as a teacher from on or about August 14, 2018 to on or about April 8, 2020. Plaintiff Camille Fehring is African-American.

13. Defendant Shorewood School District is an independent local governmental unit under a grant of authority and within geographic limits created by Wisconsin State law, which is responsible for the operation of public schools in the Village of Shorewood, Wisconsin. It is governed by a locally-elected five-member School Board. Its

Superintendent is Bryan Davis. Shorewood School District serves over 2,100 students and has well over 100 staff and faculty members, and is comprised of two elementary schools, an intermediate school, one high school, and a charter school. Shorewood School District's business address is 1701 E. Capitol Dr., Shorewood, WI 53211.

14. Defendant ABC Insurance Company is believed to be, and is believed to have been at all material times, an insurance company that had in place a policy or policies which insured, totally or partially, Defendant Shorewood School District for any or all liability for their actions against Plaintiff Camille Fehring.

**FACTS**

15. Defendant Shorewood School District hired Plaintiff Camille Fehring as a second grade teacher at Atwater Elementary School on or about August 14, 2018.

16. Plaintiff Camille Fehring's direct supervisor at Defendant Shorewood School District was Ebony Grice, who at that time was the School Principal at Atwater Elementary School.

17. Throughout her two years as a second grade teacher in the District, Plaintiff Camille Fehring performed her work duties in accordance with Defendant Shorewood School District's reasonable expectations of performance, quality, and conduct. Plaintiff developed great rapport with her students and her students' parents, and received very favorable performance evaluations.

18. At the beginning of her tenure with Defendant Shorewood School District, Plaintiff Camille Fehring attempted to foster a positive relationship with School Principal Ebony Grice, who was also African-American, because she assumed Ms. Grice would be

4

understanding and supportive of Plaintiff's situation as an African-American teacher in an overwhelmingly White school district.

19. Plaintiff Camille Fehring also actively tried to develop rapport with her peers, virtually all of whom were White, to no avail. Plaintiff was constantly excluded from curriculum meetings and collaborative time, and she was talked to in a way that she found demeaning and condescending. On at least one occasion, Plaintiff had altercations with her peers on social media which she did not initiate.

20. Plaintiff Camille Fehring complained to School Principal Ebony Grice about how she was treated by her peers, but Ms. Grice did nothing about these complaints. In fact, Ms. Grice penalized Plaintiff for speaking out, and scrutinized Plaintiff's social media communications with her peers.

21. Plaintiff Camille Fehring felt abandoned by School Principal Ebony Grice. In fact, even though Plaintiff and Ms. Grice were supposed to meet regularly to discuss Plaintiff's progress and performance, they hardly ever met, and Ms. Grice was often unavailable when Plaintiff reached out to her.

22. Due to the stress of not being able to communicate with her peers in a positive manner, and having her complaints ignored by School Principal Ebony Grice, Plaintiff Camille Fehring fell into a pattern of anxiety and depression that made it difficult for her to do her job.

23. However, when Plaintiff Camille Fehring confided about suffering from anxiety and depression to School Principal Ebony Grice, Ms. Grice laughed it off and told Plaintiff "you're not going to kill yourself, are you?" in front of at least one of Plaintiff's

5

Case 2:21-cv-00001-WED   Filed 01/04/21   Page 5 of 14   Document 1

colleagues. Ms. Grice's reaction further deepened Plaintiff's depression and exacerbated her anxiety.

24. Plaintiff Camille Fehring also broke her foot at one point, which greatly hindered her ability to do her job. In spite of knowing and seeing that Plaintiff had broken her foot, School Principal Ebony Grice penalized Plaintiff for sitting down in front of her classroom, even knowing that the reason why Plaintiff was sitting down was because she had a broken foot.

25. Plaintiff Camille Fehring's walkthroughs and evaluations for the 2019-2020 school year were fraught with issues. School Principal Ebony Grice spent little to no time in Plaintiff's classroom evaluating her performance hands-on. Learning Coordinator Nate Schultz, who was White, evaluated Plaintiff's performance, even though he was classified as a teacher who did not have the authority to evaluate his peers.

26. Moreover, Plaintiff Camille Fehring also was penalized in her evaluations for her social media interactions with peers, even though Defendant Shorewood School District does not have a policy prohibiting these interactions and including them as part of the teacher's performance and conduct to be evaluated.

27. Plaintiff Camille Fehring was the only participant in her social media interactions with her peers who was ever penalized, even though School Principal Ebony Grice admitted that some of these interactions were instigated by Plaintiff's White peers.

28. On or about April 8, 2020, Defendant Shorewood School District told Plaintiff Camille Fehring that her contract would not be renewed, and offered her a severance agreement.

29. At the time she was informed that her contract would not be renewed, Plaintiff Camille Fehring was the only African-American Second Grade teacher at Atwater Elementary School, as well as the longest-tenured and the only one among the three Second Grade teachers who had only taught Second Grade. The other two Second Grade teachers were both White, and had been moved to Second Grade from other grades for the 2019-2020 school year. In addition, one of the White teachers was hired by the District despite being the lowest-ranked candidate, although her husband was a former Shorewood School Board member.

30. The reason that Defendant Shorewood School District gave to Plaintiff Camille Fehring for the non-renewal of her contract was that her position was going to be eliminated due to a lack of funding. Neither Plaintiff's performance nor her conduct were mentioned as the reason for the non-renewal at that time.

31. On April 10, 2020, Plaintiff Camille Fehring signed the severance agreement offered to her. However, after reflecting and considering how she had been treated during her tenure with Defendant Shorewood School District, Plaintiff revoked her consent to the severance agreement. Shorewood School District then reversed course and told Plaintiff that the supposed reason why her contract was not being renewed was due to her performance. This statement was contrary to what Shorewood School District had previously told Plaintiff.

32. On May 7, 2020, the Shorewood School Board held a "private conference" to consider Plaintiff Camille Fehring's non-renewal. This process did not offer Plaintiff even the most basic guarantees of due process. For example, Plaintiff could not present

nor examine witnesses, and only School Board members could ask Defendant Shorewood School District's representatives any questions.

33. Moreover, in advance of this "private conference", Plaintiff Camille Fehring's attorneys requested that Defendant Shorewood School District provide them with Plaintiff's so-called "summative folder", which contained School Principal Ebony Grice's ongoing evaluation of Plaintiff's performance. This request was ignored. Shorewood School District's representative also alluded to several documents, including social media posts and text messages, that were not in Plaintiff's personnel file. Ms. Grice's entire testimony consisted of reading from a written statement the date and author of which were never disclosed and are unknown.

34. Hours after the "private conference" in question, the Shorewood School Board decided, by a 3-2 vote, to affirm Defendant Shorewood School District's decision to not renew Plaintiff Camille Fehring's contract.

35. On May 19, 2020, on behalf of Plaintiff Camille Fehring, the undersigned counsel served a Notice of Claim on Defendant Shorewood School District. *See* **Exhibit C.** This claim was disallowed, by a vote of the Shorewood School Board, on September 15, 2020. *See* **Exhibit D.**

### COUNT I – RACE DISCRIMINATION

36. Plaintiff Camille Fehring realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

37. Defendant Shorewood School District unlawfully discriminated against Plaintiff Camille Fehring on the basis of her race when it fostered and/or tolerated disparate treatment against her, both by its agents and Plaintiff's peers, and when it decided to not

8
Case 2:21-cv-00001-WED   Filed 01/04/21   Page 8 of 14   Document 1

renew her contract. This unlawful discrimination was in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.), as amended; and 42 U.S.C. §1981.

38. Defendant Shorewood School District treated Plaintiff Camille Fehring worse than it treated her White peers in the terms and conditions of her employment, even though she was the most-experienced second grade teacher at Atwater Elementary School, and even though her performance was – by Shorewood School District's own admission – outstanding.

39. Defendant Shorewood School District's stated rationale for the non-renewal of Plaintiff Camille Fehring's contract is a pretext cloaking a discriminatory *animus*. As mentioned, Plaintiff was the most-experienced second grade teacher at her school and her performance was outstanding. Additionally, Shorewood School District only alluded to Plaintiff's performance as a justification for the non-renewal after she revoked her consent to the settlement agreement offered to her.

40. As a direct and proximate cause of Defendant Shorewood School District's actions in discriminating against her on the basis of her race, Plaintiff Camille Fehring has suffered compensatory damages, including, but not limited to, emotional distress and physical harm, mental anguish, loss of reputation, loss of past wages, loss of future wages, loss of benefits, attorneys' fees, costs, and other expenses as allowed by law.

## COUNT II – DISABILITY DISCRIMINATION

41. Plaintiff Camille Fehring realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

42. Defendant Shorewood School District unlawfully discriminated against Plaintiff Camille Fehring on the basis of an actual and/or perceived disability when it fostered and/or tolerated disparate treatment against her, both by its agents and Plaintiff's peers, including negatively evaluating her performance due to her supposed failure to stand or walk around the classroom (even though Shorewood School District knew that Plaintiff had suffered a broken foot that forced her to sit during class), ignoring and mocking Plaintiff's attempts to call attention to the fact that she was suffering from anxiety and depression, and when it decided to not renew her contract. Shorewood School District also failed to accommodate Plaintiff's disabilities. This unlawful discrimination was in violation of Plaintiff's rights under the American with Disabilities Act, 42 U.S.C. §12101, as amended by the American with Disabilities Act Amendments Act of 2008.

43. Defendant Shorewood School District treated Plaintiff Camille Fehring worse than it treated her non-disabled peers in the terms and conditions of her employment, even though she was the most-experienced Second Grade teacher at Atwater Elementary School, and even though her performance was – by Shorewood School District's own admission – outstanding.

44. Defendant Shorewood School District's stated rationale for the non-renewal of Plaintiff Camille Fehring's contract is a pretext cloaking a discriminatory *animus*. As mentioned, Plaintiff was the most-experienced Second Grade teacher at her school and her performance was outstanding. Additionally, Shorewood School District only alluded to Plaintiff's performance as a justification for the non-renewal after she revoked her consent to the settlement agreement offered to her.

45. As a direct and proximate cause of Defendant Shorewood School District's actions in discriminating against her on the basis of an actual and/or perceived disability, Plaintiff Camille Fehring has suffered compensatory damages, including, but not limited to, emotional distress and physical harm, mental anguish, loss of reputation, loss of past wages, loss of future wages, loss of benefits, attorneys' fees, costs, and other expenses as allowed by law.

## COUNT III – RETALIATION

46. Plaintiff Camille Fehring realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

47. Defendant Shorewood School District unlawfully retaliated against Plaintiff Camille Fehring for complaining about Shorewood School District's unlawful discrimination against her on the basis of her race and disability, by monitoring Plaintiff's after-hours posts on social media and verbally admonishing her and evaluating her performance negatively on the basis of these posts, even though Plaintiff never mentioned anyone from Shorewood School District in those posts, even though Shorewood School District's policies did not allow for this, and even though Plaintiff's White peers were not similarly admonished or evaluated, nor were their social media posts monitored. This unlawful retaliation was in violation of Plaintiffs' rights under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.), as amended; 42 U.S.C. §1981; and the American with Disabilities Act, 42 U.S.C. §12101, as amended by the American with Disabilities Act Amendments Act of 2008.

48. Defendant Shorewood School District's stated rationale for the non-renewal of Plaintiff Camille Fehring's contract is a pretext cloaking a retaliatory *animus*. In fact,

when Shorewood School District first informed Plaintiff of the non-renewal of her contract, her performance was never mentioned as a reason. It was only when Plaintiff refused to compromise her values by revoking her consent to the severance agreement that Shorewood School District first brought up her performance as the purported reason for the non-renewal.

49. As a direct and proximate cause of Defendant Shorewood School District's actions in retaliating against her, Plaintiff Camille Fehring has suffered compensatory damages, including, but not limited to, emotional distress and physical harm, mental anguish, loss of reputation, loss of past wages, loss of future wages, loss of benefits, attorneys' fees, costs, and other expenses as allowed by law.

## COUNT IV – PUNITIVE DAMAGES

50. Plaintiff Camille Fehring realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

51. Defendant Shorewood School District had been put on notice that Plaintiff Camille Fehring believes that Shorewood School District unlawfully discriminated and retaliated against her. Plaintiff had also sought to resolve this matter without having to file suit in court, but Shorewood School District has ignored these efforts and left Plaintiff no choice but to file suit.

52. Defendant Shorewood School District's willful and reckless indifference as to Plaintiff Camille Fehring's rights, including its pattern of intentional discrimination and retaliation against her, entitles Plaintiff to punitive damages. Plaintiff is also entitled to reinstatement to her position as Second Grade teacher.

## RELIEF

WHEREFORE, Plaintiff Camille Fehring realleges and incorporates by reference the above paragraphs as if they were fully set forth herein respectfully request that this Court:

a. Enter a judgment that Defendant Shorewood School District violated Title VII of the Civil Rights Act of 1964, as amended;

b. Enter a judgment that Defendant Shorewood School District violated the American with Disabilities Act, as amended;

c. Enter judgment against Defendant Shorewood School District and in favor of Plaintiff Camille Fehring for compensatory damages;

d. Enter judgment against Defendant Shorewood School District and in favor of Plaintiff Camille Fehring for monetary relief;

e. Enter judgment against Defendant Shorewood School District and in favor of Plaintiff Camille Fehring for punitive damages;

f. Order Defendant Shorewood School District to reinstate Plaintiff Camille Fehring;

g. Award Plaintiff Camille Fehring the costs of this action and reasonable attorney's fees; and

h. Grant Plaintiff Camille Fehring such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Camille Fehring demands trial by a jury of their peers on all issues of fact.

Dated this 1st day of January, 2021.

**CADE LAW GROUP LLC**

By: *s/ Carlos R. Pastrana*

Carlos R. Pastrana
Nathaniel Cade, Jr.
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
carlos@cade-law.com
nate@cade-law.com
Attorneys for Plaintiff Camille Fehring